**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4263**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

CATHY DIANE FERGUSON,

Defendant – Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Spartanburg.   Henry F. Floyd, District Judge.
(7:09-cr-00890-HFF-1)

Submitted:  October 19, 2010         Decided:  October 26, 2010

Before DUNCAN, KEENAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Lora E. Collins, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant.   David Calhoun Stephens,
Assistant United States Attorney, Greenville, South Carolina,
for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cathy Diane Ferguson pled guilty to trafficking in false identification documents and aggravated identity theft. The district court sentenced her to 110 months imprisonment for the trafficking in false identification documents charge and a consecutive 24 months on the two counts of aggravated identity theft. Ferguson's counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that, in counsel's view, there are no meritorious issues for appeal, but questioning whether the district court fully complied with Fed. R. Crim. P. 11 in accepting Ferguson's guilty plea and whether her sentence is reasonable. In a supplemental pro se brief, Ferguson additionally questions whether the district court had jurisdiction over her offenses. Finding no reversible error, we affirm.

In the absence of a motion to withdraw a guilty plea, this court reviews the adequacy of the guilty plea pursuant to Fed. R. Crim. P. 11 for plain error. See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). Our review of the transcript of the plea hearing leads us to conclude that the district court fully complied with Rule 11 in accepting Ferguson's guilty plea. The court ensured that Ferguson understood the charges against her and the potential sentence she faced, that she entered her plea knowingly and voluntarily,

2

and that the plea was supported by an independent factual basis. See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991). Additionally, because Ferguson was charged with the violation of federal statutes, prosecution in the federal district court was proper. Accordingly, we affirm Ferguson's convictions.

We have reviewed Ferguson's sentence and determined that it was properly calculated and that the sentence imposed was reasonable. See Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Llamas, 599 F.3d 381, 387 (4th Cir. 2010). At sentencing, Ferguson and the Government stipulated that the probation officer correctly computed the applicable guideline range and that a within-guidelines sentence satisfied the needs of sentencing, as described in 18 U.S.C. § 3553(a) (2006). The district court agreed with the stipulation, adopted it, and sentenced Ferguson to the lowest end of the applicable guideline range on the trafficking in false identification documents count, and a mandatory consecutive 24 months on the aggravated identity theft counts. We conclude that the district court did not abuse its discretion in imposing the chosen sentence. See Gall, 552 U.S. at 41; United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007) (applying appellate presumption of reasonableness to within-guidelines sentence).

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Ferguson's convictions and sentence. This court requires that counsel inform Ferguson, in writing, of the right to petition the Supreme Court of the United States for further review. If Ferguson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Ferguson. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>